UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
RICHARD YOUMANS,

                         Plaintiff,

            -v-                    12 Civ. 3690 (PAE) (JCF)

                                                    OPINION & ORDER

COMMISSIONER DORA B. SCHRIRO;
CITY OF NEW YORK;
MAYOR MICHAEL BLOOMBERG;
WARDEN LUIS RIVERA; and
JEAN RICHARDS,

                        Defendants.
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Before the Court is the September 4, 2013 Report and Recommendation of Magistrate Judge James C. Francis IV, recommending that the Court dismiss plaintiff Richard Youmans' third amended complaint ("3d Am. Compl.") for failure to state a claim. Dkt. 54 (the "Report"). For the reasons that follow, the Court adopts the Report.

**I.    Background**

      This case is one of more than 100 civil actions filed in this District concerning the adequacy of beds at the New York City Department of Correction's Anna M. Cross Center ("AMKC") on Rikers Island. Youmans, an inmate housed at the AMKC, alleges violations of his Eighth Amendment and First Amendment rights; he seeks injunctive relief, along with compensatory and punitive damages. Youmans' first amended complaint was dismissed for failure to state a claim with leave to amend. *See Cannon v. City of New York*, Nos. 11 Civ. 8983 *et al.*, 2013 WL 1234962 (S.D.N.Y. Jan. 29, 2013), *report and recommendation adopted*, 2013

WL 1248546 (S.D.N.Y. Mar. 27, 2013).  On April 2, 2013, Youmans filed his third amended complaint, alleging that the AMKC's beds used mattresses in a manner contrary to their design specifications, causing him injury.  Dkt. 42.  He also alleges that, while at AKMC, he was retaliated against for pursuing internal grievance procedures.  *Id.*

On June 20, 2013, defendants moved to dismiss the Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 47.  On July 16, 2013, Youmans filed his opposition.  Dkt. 55.  On September 4, 2013, Magistrate Judge Francis issued his Report & Recommendation to this Court, recommending that the Third Amended Complaint be dismissed.  The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance.  *See* Report at 12.  To date, the Court has not received any objections.

**II.     Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Third Amended Complaint alleges two constitutional claims under 42 U.S.C. § 1983: (1) a condition-of-confinement claim under the Eighth Amendment; and (2) a retaliation claim under the First Amendment.

A condition-of-confinement claim must satisfy a two-part test: (1) objectively, the deprivation suffered must deny "the minimal civilized measure of life's necessities," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and (2) subjectively, the defendants must have acted with deliberate indifference, in that they knew of and disregarded an excessive risk to inmate health or safety, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). Here, Youmans claims that the AMKC mattresses are intended to be used without a bed frame foundation, but that the AMKC placed them on metal frames. As a result, Youmans alleges, he has suffered an "alter[ation] of his abilities to walk fast, stand [for] long periods of time[,] and run." 3d Am. Compl. ¶ 29. However, the warning on the mattress—to the effect that the mattress is to be used without a foundation—relates to fire safety, not to chiropractic health. *See Howard v. City of New York*, Nos. 12 Civ. 4069 *et al.* (PAE) (JCF), 2012 WL 7050623, at *6 (S.D.N.Y. Dec. 20, 2012). The Report thus concluded—for the same reasons as articulated in *Howard*—that the Third Amended Complaint did not plausibly allege that the arrangement of Youmans' bed deprived him of the minimal civilized measure of life's necessities. Report at 6–8.

To state a First Amendment retaliation claim, a plaintiff must plead plausible allegations that: (1) the speech or conduct at issue was protected; (2) the defendant took adverse action against the plaintiff; and (3) there was a causal connection between the protected speech and the adverse action. *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citation omitted). An adverse action is defined as "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381

(2d Cir. 2004) (quoting *Davis*, 320 F.3d at 353).  Here, Youmans alleges that defendant Dr. Jean Richards denied a specialist's recommendation for "outside [t]hermotherapy and MRAs" in retaliation for Youmans' having filed internal grievances.  3d Am. Compl. ¶ 27.  The Report concluded that an individual of ordinary firmness would not have been deterred from the exercise of his constitutional rights by Dr. Richards' denial of certain treatments, and that, in any case, the Third Amended Complaint failed to allege a causal connection between Youmans' filing of grievances and Dr. Richards' purported denial of care.  Report at 10–11.

Careful review of the well-reasoned Report reveals no clear error.  On the contrary, the Court agrees with the Report's conclusion that Youmans has failed to state plausible claims under either the Eighth or First Amendment.  The Report, which is incorporated by reference herein, is adopted without modification.

## CONCLUSION

For the reasons articulated in Magistrate Judge Francis' Report, the Third Amended Complaint is dismissed.  The Clerk of Court is respectfully directed to close this case and to serve this Opinion and Order on Youmans at his address of record.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).  The Court therefore certifies that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

 

/s/ Paul A. Engelmayer
_____
Paul A. Engelmayer
United States District Judge

Dated: December 3, 2013
      New York, New York